FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 JUN 28 PM 12: 21
CLERK M. Akin
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LEROY C. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-003 |
| | ) | |
| MS. FISH, Food Service Director; | ) | |
| LIEUTENANT WATTS; | ) | |
| SERGEANT SKIPPER; and | ) | |
| CORRECTIONAL OFFICER BRUCE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 19.) The Magistrate Judge recommended dismissal of the case because even after Plaintiff was permitted to file an amended complaint in an attempt to cure the pleading deficiencies in the original complaint, (see doc. nos. 7, 11, 12), Plaintiff's allegations fail to state a claim upon which relief can be granted. (Doc. no. 15.) None of Plaintiff's objections to the recommendation for dismissal of the case have merit, but one objection warrants further comment.

The Magistrate Judge found that even if Plaintiff had stated a valid claim for relief under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, *et seq.*, or the Eighth or Fourteenth Amendments, those claims are subject to dismissal because

of his failure to exhaust administrative remedies. (Id. at 11-15.) Specifically, the Magistrate Judge concluded, "At best, Plaintiff grieved a First Amendment claim, and even then, he provided no details describing the scope and severity of issues he now suggests." (Id. at 14.) The Magistrate Judge limited the "exhaustion analysis to Plaintiff's failure to alert prison officials to the full scope of his issues in the original grievance." (Id.) Although the Magistrate Judge referenced the two-step grievance process, "given the uncertainty over the role of Plaintiff's counselor in not giving Plaintiff an appeal form," the recommendation for dismissal under the exhaustion doctrine did not rely on the apparent failure to complete the two-step process. (Id. at 15.)

Thus, Plaintiff's objection the Magistrate Judge misunderstood the requirements for filing a grievance appeal does not change the analysis. (Doc. no. 19, pp. 9-10.) The exhaustion analysis was a second basis for dismissal of three of Plaintiff's four claims because they were not sufficiently identified in the original grievance. The analysis was not based on Plaintiff's failure to file an appeal.

Accordingly, the Court **OVERRULES** all of Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's amended complaint for failure to state a claim upon which relief may be granted, and **CLOSES** this civil action.

SO ORDERED this 28th day of June, 2019, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

2